## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JOHN KENYON, et al.,

    Plaintiffs,

        v.

HOSPITAL SAN ANTONIO, et al.,

    Defendants.

CIVIL NO.: 11-1883 (FAB)

## OPINION AND ORDER

Pending before the court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and (6), filed by defendants Dr. Roberto D. Latoni ("Dr. Latoni") and Mrs. Roberto D. Latoni ("defendants").[1]  (D.E. 77).  Plaintiffs have not filed a response in opposition to the pending motion.

The first argument raised by defendants is that the caption in the amended complaint (D.E. 43) does not include the names of Dr. Latoni or Mrs. Roberto D. Latoni in violation of Federal Rule of Civil Procedure 10(a).  Because defendants have been named in the caption of the third amended complaint in compliance with Rule 10(a), this argument has been rendered moot.  (D.E. 80).

Defendants' second argument, under Rule 12(b)(6), is that the allegations against them are insufficient to support a claim of medical malpractice.[2]  The only factual allegation specifically concerning defendants is as follows:

---

[1] Although ordinarily in a case where there is a lack of unanimous consent of all the parties under 28 U.S.C. § 636, a magistrate judge may only issue reports and recommendations on dispositive motions, the undersigned is issuing an opinion and order pursuant to the directives of the presiding U.S. District Judge.  (D.E. 91).

[2] It is generally accepted that doctors are not liable under EMTALA.  See Del Carmen Guadalupe v. Negrón Agosto, 299 F.3d 15, 19 (1st Cir. 2002) ("While we have not decided the issue whether EMTALA provides a cause of action

> Dr. Roberto D. Latoni provided the results of the sonogram read as "unremarkable" on September 9, 2010, transcribed September 10, 2010, after CKM was long gone from the facilities. The result reflected a poor view of the kidney but since it was "DD" or "dictated on the day" September 9, 2010, it could not be repeated or done a second time as needed to better visualize the organs.

(D.E. 80, pt. B, ¶ 45).   Plaintiffs have not shown that Dr. Latoni breached his duty of care towards the patient or that his action of "provid[ing] the results of the sonogram" caused the patient's injuries.[3]   Id.   As such, plaintiffs fail to establish a *prima facie* case of medical malpractice against Dr. Latoni under Puerto Rico law.   See Pagés-Ramírez v. Hosp. Español Auxilio Mutuo de Puerto Rico, Inc., 547 F. Supp. 2d 141, 148 (D.P.R. 2008).   Although plaintiffs also allege that "[t]he negligent actions and omissions of all defendants directly caused the worsening of CKM's renal condition, leading her into end stage renal disease (ESRD), a permanent and fatal condition in most cases," such allegations are conclusory in nature.   (D.E. 80, pt. C, ¶ 22).

Because plaintiffs have not alleged specific facts that would "plausibly give rise to an entitlement to relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), defendants' motion to dismiss (D.E. 77) is hereby **GRANTED**.   All claims against Dr. Roberto D. Latoni and Mrs. Roberto D. Latoni are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of January, 2013.

s/Marcos E. López
U.S. Magistrate Judge

---

against individual physicians, all circuits that have done so have found that it does not." (internal quotation omitted)); see also Delaney v. Cade, 986 F.2d 387, 393 (10th Cir. 1993) ("[T]he 'legislative history makes it clear that, far from intending to allow patients to sue doctors, Congress intentionally limited patients to suits against hospitals.'" (quoting Baber v. Hospital Corp. of Am., 977 F.2d 872, 876-78 (4th Cir. 1992))).   The court sees no reason to depart from the majority view.

[3] Moreover, the allegation is ambiguous at best.   It merely indicates that Dr. Latoni "provided the results of the sonogram." (D.E. 80, pt. B, ¶ 45).   It does not state that he performed the sonogram, drafted the results, or even that the sonogram was conducted under his supervision or directive.